UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-12108-RWZ CIVIL ACTION NO.

PHILIP J. DIMARZIO,    MAGISTRATE JUDGE _____

    Plaintiff,

v.

ROBERT DIBARI, MARK CELIA, and
CITY OF BROCKTON,

    Defendants.

RECEIPT # 59048
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10/1/04

## COMPLAINT AND JURY DEMAND

1.    This action for money damages is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. §§1983 and 1988, and under the common law of the Commonwealth of Massachusetts. Jurisdiction is based upon 28 U.S.C. §§1331, 1343 (3) & (4), and on the supplemental jurisdiction of the court under 28 U.S.C. §1367(a) for claims arising under state law. This action is brought against Robert DiBari and Mark Celia, police officers of the City of Brockton, in their individual and official capacities, and against the City of Brockton for the civil rights violations, intentional torts, and negligent acts of the defendants.

2.    It is alleged that the individual police officer defendants unreasonably and illegally arrested and interrogated the plaintiff and unreasonably and illegally searched and seized his property, violating the plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. In addition, these defendants falsely imprisoned the plaintiff and maliciously pursued criminal charges against him without a basis to do so. It is further

alleged that these violations and torts were committed as a result of negligence on the part of agents and employees of the City of Brockton and as a result of the City of Brockton's policies and customs.

### The Parties

3. Plaintiff Philip J. DiMarzio at all relevant times was a resident of North Easton, Massachusetts, and of full age.

4. Defendants Robert DiBari and Mark Celia were at all relevant times duly appointed and acting officers of the police department of the City of Brockton, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and the City of Brockton.

5. The City of Brockton, Massachusetts is a municipal corporation and the public employer of the individual defendant officers and others within the meaning of that term as defined in Mass. Gen. Laws ch. 258, §1.

### The Facts

6. On or about May 15, 1999, Mr. DiMarzio was maliciously pursued by the City of Brockton Police and targeted for arrest for the purely personal reasons and objectives of the individual defendant officers. Mr. DiMarzio was wrongfully arrested, interrogated, and charged with several criminal offenses through the illegal and abusive exercise of authority by Officers Robert DiBari and Mark Celia.

7. At all relevant times the defendant officers, and the other members of the City of Brockton Police acting in concert with them, were acting within the scope of their employment with the City of Brockton.

8. The Brockton Police, including, but not limited to, the defendant officers, illegally and unjustifiably set out to intimidate and arrest Mr. DiMarzio because of Mr. DiMarzio's relationship with a woman named Terry Mussari.

9. Previously, Ms. Mussari had been in a relationship with Officer DiBari's brother, Jay DiBari.

10. On or about May 15, 1999, Mr. DiMarzio went to Ms. Mussari's house in Brockton to speak with her.

11. Jay DiBari was at Ms. Mussari's house and confronted Mr. DiMarzio.

12. After Mr. DiMarzio left the house, the Brockton Police were contacted.

13. On at least one previous occasion, in speaking to Mr. DiMarzio, Jay DiBari had threatened to use his relationship with and connection to the Brockton Police Department to have Mr. DiMarzio arrested.

14. After the Brockton Police were contacted, Officer Robert DiBari personally dispatched Brockton Police personnel to support his brother.

15. In dispatching the personnel, Officer DiBari's intent to arrest Mr. DiMarzio was clear as he specifically instructed Officer Celia: "Let's put an end to him."

16. Officer DiBari gave this instruction without having probable cause or any justifiable reason to arrest or even detain Mr. DiMarzio.

17. Officer Celia and two Brockton Police detectives went to Mr. DiMarzio's business office in a warehouse near his home and entered without invitation or permission.

18. They promptly arrested and handcuffed Mr. DiMarzio and began interrogating him without informing him of his rights. The defendants had no warrant for the arrest of Mr.

DiMarzio, no probable cause for the arrest, and no legal cause, excuse or justification for seizing Mr. DiMarzio's person.

19. After interrogating Mr. DiMarzio, Officer Celia searched the desk in the office and seized a quantity of marijuana.

20. The search of the desk and seizure of its contents directly violated Mr. DiMarzio's Fourth Amendment rights and were the direct result of the officers' improper and illegal questioning of Mr. DiMarzio while handcuffed and in custody.

21. Once Mr. DiMarzio was arrested and the office illegally searched, Officer Celia called back to Officer DiBari with the news that he could tell his brother Jay that the "situation" had been "taken care of."

22. The actions of Officers DiBari and Celia and the Brockton Police were taken in bad faith with the intention of arresting Mr. DiMarzio on any grounds they possibly could contrive.

23. After arresting Mr. DiMarzio, the Brockton Police, without a reasonable legal basis, charged him with threatening to commit murder, possession of a controlled substance with intent to distribute, possession of drug paraphernalia, and disturbing the peace.

24. The arresting officers also prepared a police report containing fabricated allegations in an attempt to buttress their charges.

25. As a result of the fabricated allegations against him, Mr. DiMarzio was forced to legally defend himself all the way through a trial, during which he was found not guilty of the charges of possession with intent to distribute, threatening to commit a crime, and disturbing the peace.

26. The one remaining charge of simple possession of marijuana was dismissed after opinions by both the Massachusetts Appeals Court and the Supreme Judicial Court concluded that the Brockton Police violated Mr. DiMarzio's constitutional rights in their illegal custodial interrogation and subsequent search of the office desk.

27. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

28. As a direct and proximate result of the acts of the defendants, Mr. DiMarzio has suffered substantial monetary damages and personal harm, including, but not limited to, the following injuries and damages:

   a. Violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the unreasonable search and seizure of both his person and his property;

   b. Substantial loss of liberty in having to serve a year of probation with mandatory reporting obligations, screenings, counseling, testing, and significant attendant costs;

   c. Costs and burdens of having to defend himself, through trial and two appeals, against invalid and fabricated criminal charges levied by the defendants, of which Mr. DiMarzio was acquitted;

   d. Substantial loss of liberty in having to surrender to authorities his firearms and his license to carry firearms; and

   e. Substantial personal embarrassment and strain in his personal and business relations.

29. The actions of the defendants violated the following clearly established and well-settled federal constitutional rights of Mr. DiMarzio:

   a. Freedom from the unreasonable seizure of his person;

   b. Freedom from the unreasonable search and seizure of his property; and

      b.      Freedom from wrongful prosecution, conviction and loss of liberty.

30.     Mr. DiMarzio, through his attorney, presented the Mayor and the City Attorney of the City of Brockton with notice of his claims herein by serving them with a substantial written account, on or about October 1, 2003, pursuant to Mass. Gen. Laws ch. 258, §4.

31.     The City of Brockton failed to deny the plaintiff's claims within six months of receiving notice thereof, such failure deemed to be a final denial of the plaintiff's claims under Mass. Gen. Laws ch. 258, §4.

32.     Mr. DiMarzio has performed all conditions precedent to maintaining a suit under Chapter 258 of the Massachusetts General Laws.

33.     The injuries and damages suffered by Mr. DiMarzio are the direct and proximate result of the negligence, gross negligence, recklessness, and/or willful and wanton conduct of the defendants and/or the agents and employees of the City of Brockton.

## COUNT I
### 42 U.S.C. §1983 -- Against Individual Defendants

34.     The plaintiff restates and realleges the allegations contained in paragraphs 1 through 33 and incorporates them herein by reference.

35.     Plaintiff Philip DiMarzio claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants DiBari and Celia for violations of the plaintiff's constitutional rights under color of state law.

## COUNT II
### False Arrest and Illegal Imprisonment -- Against Individual Defendants

36.     The plaintiff restates and realleges the allegations contained in paragraphs 1 through 35 and incorporates them herein by reference.

37. Defendants DiBari and Celia illegally arrested and illegally imprisoned the plaintiff.

38. As a result of this false arrest and illegal imprisonment, the plaintiff suffered damages as stated above.

## COUNT III
Wrongful Prosecution, Conviction and Loss of Liberty -- Against Individual Defendants

39. The plaintiff restates and realleges the allegations contained in paragraphs 1 through 38 and incorporates them herein by reference.

40. Defendants DiBari and Celia caused the plaintiff to suffer a wrongful prosecution, conviction and loss of liberty.

41. As a result of this wrongful prosecution, conviction, and loss of liberty, the plaintiff suffered damages as stated above.

## COUNT IV
42 U.S.C. §1983 -- Against City of Brockton

42. The plaintiff restates and realleges the allegations contained in paragraphs 1 through 41 and incorporates them herein by reference.

43. Prior to May 15, 1999, the City of Brockton developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of the persons in Brockton, which caused the violations of the plaintiff's rights.

44. It was the policy and/or custom of the City of Brockton to inadequately and improperly investigate citizen complaints of police misconduct, and acts of police misconduct were instead tolerated by the City of Brockton.

45. It was the policy and/or custom of the City of Brockton to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

46. As a result of the above mentioned policies and customs, police officers of the City of Brockton, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Brockton to the constitutional rights of persons within the City, and were the cause of the violations of the plaintiff's rights alleged herein.

48. As a result of these violations of the plaintiff's constitutional rights, the plaintiff suffered damages as stated above.

## COUNT V
### Massachusetts Tort Claims Act -- Against City of Brockton

49. The plaintiff restates and realleges the allegations contained in paragraphs 1 through 48 and incorporates them herein by reference.

50. The City of Brockton and its agents and employees owed the plaintiff a duty of care.

51. The City of Brockton breached its duty of care through its negligence, which included, but was not limited to, (i) negligence on the part of Brockton Police personnel in pursuing and arresting Mr. DiMarzio for purely personal reasons and objectives and without any proper legal basis; (ii) negligence on the part of Brockton Police personnel in arresting and interrogating Mr. DiMarzio without informing him of his rights; (iii) negligence on the part of Brockton Police personnel in illegally searching the office and seizing property, fabricating

allegations against Mr. DiMarzio, and pursuing baseless criminal charges against Mr. DiMarzio; (iv) negligence on the part of the agents and employees of the City of Brockton in failing to supervise, train and discipline its police officers, failing to adequately investigate and prosecute complaints against police officers, improperly retaining police officers for continued employment, and failing to properly develop and implement appropriate policies, procedures and training for police officers.

52. As a direct and proximate result of the City of Brockton's negligence, carelessness and improper actions and conduct, the plaintiff has been damaged as set forth herein and is entitled to damages from the City of Brockton in an amount to be determined at trial, plus interest and costs, plus attorneys' fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff Philip J. DiMarzio requests that this honorable Court:

a. Enter judgment against the individual defendants on Counts I through III above;

b. Award compensatory damages to the plaintiff against the individual defendants, jointly and severally;

c. Enter judgment against the City of Brockton on Counts IV and V above;

d. Award compensatory damages to the plaintiff against the City of Brockton;

e. Award reasonable attorneys' fees and costs to the plaintiff on Counts I and IV above;

f. Award appropriate interest, costs and attorneys' fees to the plaintiff;

g. Award such other and further relief as this Court may deem appropriate.

## JURY DEMAND

The plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,<br>
PHILIP J. DIMARZIO,<br>
By his attorneys,

_____
Juliane Balliro, BBO# 028010
Matthew J. Tuttle, BBO# 562758
Perkins Smith & Cohen LLP
One Beacon Street, 30th Floor
Boston, MA 02108
(617) 854-4000

Dated: October 1, 2004
29968-2-Complaint-1004